IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY RAY MEEKS, ) | |
| ) | |
| Plaintiff, ) | NO. 1:07-0013 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Plaintiff, Danny Ray Meeks, an inmate of the Tennessee Department of Corrections ("TDOC"), filed this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12132, against the Defendants: Tennessee Department of Correction ("TDOC"), George Little, Ricky Bell, Mike Crutcher, Sam Love, Debbie Love, Wayne Brandon, Larry Harper, and Lloyd Conrad. Plaintiff's claims arise out of disciplinary reports and convictions for his refusals to submit to drug tests. Plaintiff's claims are that he has been deprived him of sentence credits as a result of these disciplinary convictions. For his ADA claim, Plaintiff contends that he has a medical condition that does not allow him to produce a urine sample.

According to his complaint, on September 17, 2005, at Riverbend Maximum Security Institution ("RMSI"), Plaintiff was convicted for refusing to provide a urine sample for a drug test. (Docket Entry No. 1, Complaint at pp. 10-11). A second disciplinary report for refusing a drug test at Turney Center Industrial Prison ("TCIP") was filed on August 21, 2006 and Plaintiff was convicted of the offense on September 13, 2005. Id. at pp. 12-15. As to his medical condition, Plaintiff has "Limited Activity Notice," dated August 30, 2006 that reads: "Mr.

Meeks has paruresis. He can give urine samples, however, it may take several hours. TDOC policy 506.21 will allow dry celling for urine collection." Id. at Exhibit 5 thereto.

With the exception of Debbie Love, the Defendants were TDOC employees at the time of the allegations. By amendments to his complaint, the Court permitted the members of Plaintiff's family to assert violations if their rights of association based upon the Plaintiff's claims.

Before the Court is the Defendants' motion to dismiss (Docket Entry Nos. 32 and 34), contending, in sum: (1) that Plaintiff's loss of sentence credits claim is not actionable; (2) that Plaintiff's claim based upon his 2005 disciplinary conviction claim is time-barred; (3) that Plaintiff fails that allege any facts for his § 1983 claims against the Defendants Little and Love; (4) that the Defendants have not been deliberately indifferent to Plaintiff's medial condition; and (5) that Plaintiff cannot sue the Defendants for damages under the ADA. The defendant TDOC has filed a separate motion to dismiss asserting the same contentions. (Docket entry No. 34)

As to Plaintiff's claim for loss of sentence credits, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that an inmate does not have a cognizable § 1983 claim if the § 1983 claim challenges the validity of his conviction or length of sentence. In Edwards v. Balisok, 520 U.S. 641, 648, (1997), the Supreme Court extended Heck to preclude a prisoner's Section 1983 claim arising out of a prison disciplinary conviction. In Shavers v. Stapleton, 102 Fed.Appx. 900 (6th Cir. 2004), the Sixth Circuit dismissed a prisoner's § 1983 action arising from a prison disciplinary conviction that barred him from earning sentence reduction credits on his sentence, thereby lengthening his underlying sentence. The disciplinary conviction had not been reversed or overturned. Based on these authorities, the Court concludes that Plaintiff's sentence credits claims for 2005 and 2006 are not actionable and should be dismissed without

2

prejudice.

As to any § 1983 claim, TDOC is not a person subject to liability under §1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64 (1989).

In his complaint, Plaintiff does not allege any facts about the personal involvement by Defendant George Little, Commissioner of the Tennessee Department of Corrections nor does Plaintiff allege that the Defendant Debbie Love was a State employee. (Docket Entry No. 1, Complaint at p. 22). A § 1983 plaintiff must allege that a defendant official was personally involved in some manner in the alleged unconstitutional conduct. <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984) because the doctrine of respondent superior cannot be relied upon to impose liability under 42 U.S.C. § 1983. <u>Monell v. New York City Department of Social Services</u>, 426 U.S. 658, 694 (1978). In a word, a supervisor cannot be held liable under § 1983 solely because he or she is a supervisory. <u>Id.</u> at U.S. at 691-94. Thus, Plaintiff fails to state a § 1983 claim as to the Defendant Little.

The To be liable under Section 1983, the Defendant must act under color of state law. 42 U.S.C. § 1983. Plaintiff has not alleged that Love acted under color of state law and Plaintiff fails to state a § 1983 claim against her.

For prison officials' failure to provide medical treatment, the Section 1983 plaintiff must establish that the defendant acted with "deliberate indifference to "the prisoners" serious medial needs." <u>Estell v. Gamble</u>, 429 U.S. 97, 104 (1976). For this claim, the plaintiff must allege a medical need so serious that it posed "a substantial risk of serious harm", <u>Napier v. Madison County</u>, 238 F.3d F.3d 739, 742 (6th Cir. 2001) and that the prison officials' displayed "a sufficiently culpable state of mind in denying medical care." <u>Blackmore v. Kalamazoo County</u>,

3

390 F.3d 890, 895 (6th Cir. 2004). Accord Comstock v. McCrary, 273, F.3d 693, 702 (6th Cir. 2001). By his submissions, Plaintiff can produce a urine sample. Moreover, given his doctor's statement, Plaintiff was provided medical treatment. Plaintiff's complaint fails to state any claim concerning his medical condition and treatment.

Plaintiff's ADA claims are for discrimination by the Defendants due to his alleged physical handicap. For his ADA claim, Plaintiff seeks monetary relief against the Defendants who are sued in the official capacities. In these circumstances, Plaintiff's damages claims under Title II of the ADA are barred by the Eleventh Amendment and the ADA. Popovich . Cuyahoga County Court of Common Pleas, 276 F.3d 808 (6th Cir. 2002). Moreover, personal liability for damages is unavailable under Title II of the ADA. Swank v. Taff, 2001 WL 1681143 (S.D. Ohio)( "individuals are not amenable to suit under the ADA . . . (plaintiff's) claims against the individual defendants fail to raise any valid claim and will be dismissed."); Key v. Grayson, 163 F.Supp.2d 679, 704 (E.D. Mich. 2001) ("None of the remedies available for violating § 12203(a) apply against the defendant in his individual capacity. It would thus be absurd to hold that plaintiff may proceed against defendants in their individual capacities.")

As to any claim for injunctive relief, Title II of the ADA provides:

> Subject to the provisions of this sub-chapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination aby any such entity.

42 U.S.C. § 12132.

In Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998), the Supreme Court held that a denial of a prisoner's admission to a prison boot camp program due to his history of hypertension stated a claim under Title II of the ADA. Yet, Plaintiff does not allege

4

that he was excluded from any program or denied any benefit as in <u>Yeskey</u>.

Because Plaintiff has failed to state a claim for relief, the claims of other Plaintiffs who are family members for violations of their rights of association based on Plaintiff's claims, likewise fail to state a claim. In sum, the Defendants' motion to dismiss should be granted.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the ___19th___ day of October, 2007.

                                          WILLIAM J. HAYNES, JR.
                                          United States District Judge

5

Case 1:07-cv-00013   Document 62   Filed 10/19/2007   Page 5 of 5