No. 08-5980

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| DANNY RAY MEEKS, | ) |
| Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| TENNESSEE DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants-Appellees. | ) |

**FILED**
Sep 16, 2009
LEONARD GREEN, Clerk

O R D E R

Before: KENNEDY, ROGERS, and SUTTON, Circuit Judges.

Danny Ray Meeks, a Tennessee prisoner proceeding pro se, appeals the district court order denying his motion to alter or amend the judgment, filed pursuant to Fed. R. Civ. P. 59(e). The underlying order dismissed his claims brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In September 2005, Meeks was directed to provide a urine sample for drug testing. Meeks could not provide a sample, claiming that paruresis prevented him from producing a urine sample. He was charged and convicted of refusal/attempt to alter a drug screen. In August 2006, Meeks was again directed to provide a urine sample for drug testing, but he could not provide a sample. He was charged and convicted of a second disciplinary offense.

In March 2007, Meeks filed a complaint against the Tennessee Department of Corrections (TDOC), seven employees of TDOC (George Little, Ricky Bell, Mike Crutcher, Sam Love, Wayne

Brandon, Larry Harper, Lloyd Conrad), and Debbie Love, a psychiatric nurse and the wife of Sam Love. In May 2007, the defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Fed R. Civ. P. 12(b)(6). In October 2007, the district court dismissed the complaint. Meeks timely filed a motion to alter or amend the judgment; the district court denied the motion. Meeks appeals, arguing that: (1) the district court improperly construed Meeks's complaint to state a § 1983 claim against the TDOC; (2) Meeks made proper § 1983 claims against the individual defendants in their individual capacity; (3) Meeks did not allege that the medical staff failed to provide him with medical treatment in violation of the Eighth Amendment; and (4) the TDOC's denial of programs and benefits was a violation of the ADA, not § 1983.

A timely filed motion under Rule 59(e) tolls the appeal period and brings up the underlying order for review. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Meeks's motion, signed on October 29, 2007, and post-marked on October 31, 2007, is deemed timely under the "prison mailbox rule." *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Whether the district court properly dismissed a suit pursuant to Rule 12(b)(6) is a question of law subject to de novo review. *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007), *cert. denied*, 129 S. Ct. 35 (2008). The Rule 12(b)(6) standard requires that the plaintiff provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, the district court properly dismissed Meeks's complaint for failure to state a claim upon which relief may be granted.

The district court properly denied Meeks's § 1983 claims against the individual defendants. An inmate does not have a cognizable claim under § 1983 if a favorable ruling would imply the invalidity of his conviction or the length of his sentence. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Meeks has not shown that the two disciplinary charges have been overturned, his claims are not actionable under § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Shavers v. Stapleton*, 102 F. App'x 900, 900 (6th Cir. 2004).

Meeks's complaint also failed to state a claim as to particular defendants. In order to maintain an action under § 1983, the plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros.*

*v. Brooks*, 436 U.S. 149, 155-56 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Meeks failed to allege that defendant Debbie Love was acting under color of state law and thus did not state a § 1983 claim against her. The plaintiff must also show that a supervisory official was "*personally* responsible for the alleged unconstitutional actions that caused his injury." *Mills v. City of Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004) (emphasis in original). Meeks failed to show how defendant Little, Commissioner of TDOC, was responsible for the alleged unconstitutional actions of TDOC employees. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). The district court applied the correct law to those defendants and properly found that Meeks failed to state a claim against them.

The district court relied on *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), to deny Meeks injunctive relief under Title II of the ADA, finding that he did not allege that he was excluded from any program or denied any benefits. Meeks, however, alleged that the TDOC discriminated against him by denying him lower security classification, the right to work as a legal clerk, participation in the Arts & Crafts program, visitation, and the ability to purchase packages as a result of his disciplinary convictions and continues to do so. He asked for injunctive relief. Under these circumstances, the district court may wish to consider on remand whether Meeks is entitled to an injunction under Title II of the ADA.

Accordingly, we affirm in part, as to all claims brought under 42 U.S.C. § 1983, and remand the case to the district court for further consideration of the ADA claim against the TDOC. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk